## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
## COURT FILE NO.: 13-cv-524

| | |
|---|---|
| Jesse Fabio,<br><br>        Plaintiff,<br><br>v.<br><br>Diversified Consultants, Inc., a Florida Corporation, d/b/a Diversified Credit, Inc.<br><br>        Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.    Plaintiff is suing the Defendant debt collector because the Defendant harassed the Plaintiff for months with collection robo-calls. The Plaintiff is not the alleged debtor.

2.    Defendant persistently utilized a robo caller to call the Plaintiff's cellular telephones, violating the Plaintiff's privacy rights afforded under federal law.

3.    The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the

tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION

4.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA.

5.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* in its illegal efforts to collect a consumer debt.

6.  Venue is proper in this District because the Defendant may be found in this District, and the acts and transactions occurred in this District.

## PARTIES

7.  Plaintiff Jesse Fabio (hereinafter "Plaintiff") is a natural person who resides in the City of Shoreview, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8.     Defendant Diversified Consultants, Inc., (hereinafter "Defendant DCI") is a Florida Corporation, registered in Wisconsin as a Foreign business corporation authorized to conduct business in Wisconsin.  Defendant DCI is a national debt collection company that continuously and systematically engages in its business of collecting debts in the state of Wisconsin, with employees or agents residing in the state of Wisconsin and using telephone numbers within Wisconsin.  Defendant DCI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.     On or before February 18, 2013, and within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, his stepdaughter's defaulted Sprint cellular telephone bill in the approximate amount of $817.58, account number XXXXX6529.

10.    Between approximately the fall of 2012 and the present, Defendant DCI and the collectors employed by Defendant DCI repeatedly and willfully placed calls from Wisconsin to two of Plaintiff's personal cellular telephone numbers in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### *Telephone Consumer Protection Act*

11. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

12. At all times relevant to this complaint, the Defendant DCI has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls*

13. Within four years immediately preceding the filing of this lawsuit, Defendant DCI and its agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

14. The "caller ID" on the Plaintiff's cellular phones indicated that the Defendant made the calls to Plaintiff from various phone numbers located in Madison, Wisconsin. (eg. 608-466-4286; 608-466-4778; 608-466-4461)

15. Without Plaintiff's prior express consent, Defendant DCI and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephones in an attempt to collect this debt, at least one-hundred-eighty-eight (188) times.

16. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendant never obtained the Plaintiff's prior express

consent, and had no basis to believe that they had the Plaintiff's prior express consent.

17.   Upon good faith information and belief, Defendant used the services of a company called "Livevox" to aid them in making all or some of the calls complained of herein.

18.   Upon good faith information and belief, the Defendant used their Dialogic calling equipment to aid them in making all or some of the calls complained of herein.

19.   Plaintiff did not have any business whatsoever with Defendant.

20.   Plaintiff has never had an account related to his adult stepdaughter.

21.   Plaintiff has never co-signed on any cellular telephone account for his adult stepdaughter.

22.   Plaintiff has never given out either of his cellular telephone numbers to Defendant DCI or its collectors.

23.   Defendant DCI's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq.*

24.   Prior to September 2012, Defendant had been sued more than five times for violations of the TCPA.

25.   Defendant DCI's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

### *Summary*

26.   All of the above-described collection communications made to Plaintiff by Defendant DCI and other collection employees employed by Defendant DCI, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of his privacy by the use of repeated calls.

27.   The Defendant's actions as described herein left the Plaintiff feeling helpless and victimized, as he was unable to stop the persistent and intrusive telephoning by the Defendant.

28.   The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

29.   These autodialed collection calls disrupted his sleep when Plaintiff was sleeping after working late shifts.

30.   These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

31.   Defendant DCI's actions constituted unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with the number (651) 263-0712 and (651) 263-0941 for which the Plaintiff paid money.

32.   Plaintiff was charged money for each call that Defendant made to Plaintiff's cellular phones.

## TRIAL BY JURY

33.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

34.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   The foregoing acts and omissions of Defendant DCI and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

36.    As a result of Defendant DCI's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant DCI herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

37.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.    Within the one year period immediately preceding this action, the Defendant DCI made numerous calls to the Plaintiff's cellular telephones service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

39.    The acts and or omissions of Defendant DCI at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40.   As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant DCI at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

41.   Defendant DCI did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephones.

42.   Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

43.   Defendant DCI willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

44.   Plaintiff is entitled to injunctive relief prohibiting Defendant DCI from contacting the Plaintiff on his cellular telephones using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

46.     Congress explicitly recognized a consumer's inherent right to privacy in

collection matters in passing the Fair Debt Collection Practices Act, when it

stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of
>
> personal bankruptcies, to marital instability, to the loss of jobs,
>
> and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

47.     Congress further recognized a consumer's right to privacy in financial data

in passing the Gramm Leech Bliley Act, which regulates the privacy of con-

sumer financial data for a broad range of "financial institutions" including

debt collectors albeit without a private right of action, when it stated as part

of its purposes:

> It is the policy of the Congress that **each financial institution**
>
> **has an affirmative and continuing obligation to respect the**
>
> **privacy of its customers** and to protect the security and
>
> confidentiality of those customers' nonpublic personal
>
> information.

15 U.S.C. § 6801(a) (emphasis added).

48.     Defendant DCI and/or its agents intentionally and/or negligently interfered,

physically or otherwise, with the solitude, seclusion and or private concerns

or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, and calling his cellular telephones, and thereby invaded Plaintiff's privacy.

49. Defendant DCI and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

50. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

51. The conduct of Defendant DCI and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

52. Wisconsin has recognized the right to privacy in Wis. Stat. § 995.50.

53. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendant DCI in an amount to be determined at trial.

## COUNT IV.

### VIOLATIONS OF THE WISCONSIN CONSUMER ACT: WIS. STAT. CHAPTER 427

54. Plaintiff realleges paragraphs 1-53 above.

-11-

55.    The debt that the Defendant was attempting to collect occurred based upon the consumer credit transaction between the Defendant and the Plaintiff's step-daughter as described herein.

56.    The amount that the Defendant was attempting to collect constitutes a "claim" as that term is defined at Wis. State. 427.103(1).

57.    Defendant's conduct violated the debt collection provisions of the Wisconsin Consumer Act as set forth in Chapter 427 of the Wisconsin Statutes.

58.    Defendant's conduct violated 427.104(1)(h) in that the Defendant's conduct as described herein could reasonably be expected to harass a person related to the customer in which the Defendant was attempting to collect.

59.    As a result of the defendant's illegal conduct, Nelson has suffered emotional distress and mental anguish.

60.    Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant DCI as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant DCI and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant DCI and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant DCI and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant DCI and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant DCI and for Plaintiff;

- for an injunction prohibiting Defendant DCI from contacting the Plaintiff on his cellular telephones using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant DCI for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

## COUNT IV.

## VIOLATIONS OF THE WISCONSIN CONSUMER ACT: WIS. STAT. CHAPTER 427

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 9, 2013

**BARRY, SLADE,
WHEATON & HELWIG, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
pbarry@lawpoint.com

pfb/ra

**Attorneys for Plaintiff**

-14-

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                                     ) ss.

COUNTY OF HENNEPIN       )

Pursuant to 28 U.S.C. § 1746, Plaintiff Jesse Fabio, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.   I am a Plaintiff in this civil proceeding.
2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.   I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6.   Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.   Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on July 9, 2013                     _____
                                     Signature