**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
COURT FILE NO. 3:13-cv-00524-wmc**

| | |
|---|---|
| Jesse Fabio,<br><br>       Plaintiff,<br><br>v.<br><br>Diversified Consultants, Inc., a Florida Corporation, d/b/a Diversified Credit, Inc.<br><br>Defendant. | **Case No. 3:13-cv-00524-wmc**<br><br><br>**BRIEF IN OPPOSITION TO PRO HAC VICE ADMISSION OF STEVEN R. DUNN** |

**BRIEF IN OPPOSITION TO PRO HAC VICE ADMISSION
OF STEVEN R. DUNN**

This lawsuit involves more than 180 robodialed calls to a Plaintiff's cell phones for a debt he did not owe and was not his. Defendant made these calls from multiple Wisconsin local area code (608) phone numbers. Defendant is a debt collector who regularly engages in debt collection activities in Wisconsin and is licensed by the Wisconsin Department of Financial Institutions. *Exhibit* 12.

On October 8, 2013 Steven R. Dunn filed his verified Petition to appear in this matter pro hac vice (Doc. 8). Plaintiff opposes approval of the Petition. Both counsel for Plaintiff have practiced in federal court for more than 16 years, and neither have previously opposed any motion for pro hac vice admission. Counsel however, feel obligated to inform the Court of recent issues related to Defense

- 1 -

counsel practice in Federal Court.

**New Mexico Sanctions Matter Concerning Steven R. Dunn**

Attached as *Exhibit 1* is a report and recommendation from Anchondo v. Anderson. Crenshaw & Associates. LLC, (D.New Mexico 2011, Court File No. Case 1:08-cv-00202-RB-WPL at Document 175) In this case, Honorable Magistrate Judge Lynch found:

> In summary, I find that [Attorney Steven R.] Dunn failed to obey the motion to compel and that his excuses for doing so are incredible and insubstantial. His response to this motion is a catalog of implausible cop-outs. His excuses are not supported by any legal authority, and he does not even try to pretend otherwise. I do not believe that Dunn, an educated legal professional, seriously believed for even one moment that he was relieved of his obligation to abide by that order for any of the reasons he has given. It is clear that Dunn is making excuses to avoid his obligations in this case, as he has been doing for several years now.
>
> **Notably, this is the third time that Dunn has attempted to shirk his duties by lying to the Court, misleading the Court, or making frivolous excuses for noncompliance.** This should be the last time that he does so. In light of Dunn's history of repeated defiance of orders in this case, only the imposition of serious sanctions is likely to compel Dunn to comply with this order and to discourage further noncompliance.

(emphasis added). The Court then went on to

> [A]dvise Dunn that failure to comply with any order of the Court related to these recommendations, or with any other order issued at any point in these proceedings, will result in the institution of criminal contempt proceedings.

The Court had previously sanctioned Mr. Dunn in excess of $69,000 in this

case.  The Court Stated in relevant part of its findings:

> **In addition to prolonging the litigation in this case, Backal and Dunn interfered with the judicial process by misleading the Court regarding the insurance status of ACA during the relevant period. The intentional deception is evidenced by the inconsistencies in the written submissions to Anchondo and the Court as well as Dunn and Backal's testimony at the hearings on the motions for sanctions.** False testimony and submissions are intolerable because they erode public confidence in judicial decisions and undermine the entire judicial process. Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co., No. 00 C 5658, 2002 WL 1433717, at *12 (N.D. Ill. July 2, 2002)(quoting Quela v. Payco-Gen. Am. Creditas, Inc., No. 99 C 1904, 2000 WL 656681, at *7 (N.D. Ill. May 18, 2000)).

> Finally, there can be no doubt that Backal and Dunn are culpable because they have attempted to deceive both Anchondo and the Court about the existence of the National Union insurance policy. They filed a response to Request No. 16 that contradicts their initial disclosures. They provided testimony that the initial disclosures were not correct that is not plausible or worthy of credit. Further, their testimony is flatly contradicted by the National Union documents and Backal's testimony last year. This seems to be a continuing pattern in this case: ACA, through Backal and Dunn, has previously provided false information during discovery in this case (Doc. 61 at 10-11); and ACA, through Backal and Dunn, has previously changed its position on an issue in this litigation (Doc. 119 at 2-3.). Unfortunately, this is not the first time that I have found Backal and Dunn not to be credible witnesses. (Doc. 61 at 10-11; Doc. 119 at 2-3.)

*Exhibit 2*, Document No. 144 at pp. 10-11 (emphasis added).  The Court went on to say:

> **There is clear and convincing evidence that Backal and Dunn acted in bad faith in attempting to deceive both Anchondo and the Court about whether ACA had insurance coverage when this lawsuit was filed and in failing to submit the claim to National Union.** Further, both Backal and Dunn admit they have not paid the prior award of sanctions against them, and they have failed to produce any evidence of their financial inability to pay the modest amount

awarded against them. Under the circumstances, it is appropriate to sanction Backal and Dunn in the amount that they have harmed Anchondo and the class, and to award the attorneys' fees and costs incurred in connection with this motion.

*Id.* at p. 13 (emphasis added). The District Court adopted this recommendation on December 5, 2011. *Exhibit 3.* On February 19, 2013 the Tenth Circuit affirmed the District Court's scathing decision. *Exhibit 4.*

Dunn was further sanctioned by this same court in the same case for discovery abuses. Exhibit 5, Document No. 181. Honorable Judge Robert C. Brack warned that "Dunn is advised that any further failure to timely comply with any order of the Court in this case will result in the institution of **criminal contempt proceedings**." *Id.* at p. 2 (emphasis added.)

## Colorado Sanctions Matter Concerning Steven R. Dunn

Further, attached as Exhibit 6 are the Courtroom Minutes and Order from Branstetter v. National Credit Adjusters, a FDCPA case now pending in the United State District Court for the District of Colorado. This Honorable Court will please note that Mr. Dunn also represents Defendant in that matter. The production of the underlying insurance policy was indeed *again* the subject of a Motion to Compel and threat of further sanctions by the Court, despite Mr. Dunn's earlier sanction in the New Mexico case for his failure to produce a similar insurance policy.

**The defendant must provide a complete copy of the insurance policy to the plaintiff on or before October 4, 2013 or post a $10,000 cash bond. If not, further sanctions may issue.**

*Id.* at p. 1 (emphasis in original).

## Instant Matter

The undersigned also has serious concerns about Mr. Dunn's conduct already in this case.

On September 17, 2013, I Plaintiff's counsel advised Mr. Dunn that his client had been served through their agents of process on September 11, 2013. *Exhibit* 7.

On October 8, 2013, Plaintiff's counsel sent Mr. Dunn electronic mail indicating that the Defendant was now in default.  *Exhibit* 8.  Mr. Dunn responded by asking for an additional day in which to file an answer in this matter.  Mr. Dunn was advised by electronic mail that counsel was not authorized to extend the courts deadlines without the court's approval.  Nevertheless, Plaintiff's counsel informed Mr. Dunn that Plaintiff would wait the extra day before filing for default. *Exhibit 8*. Nonetheless Defendant didn't file any response to the Complaint.

On October 8, 2013, Plaintiff's counsel also sent Mr. Dunn a copy of the Court's request that Plaintiff file his proof of service.  *Exhibit* 9.

On October 8, 2013, Mr. Dunn contacted the Plaintiff's counsel by

electronic mail and indicated that he was going to be admitted pro hac vice in this matter and answering the complaint along with local counsel.  *Exhibit* 10.  Mr. Dunn did not obtain local counsel nor did he answer the complaint.

On October 9, 2013, Mr. Dunn sent an email to Plaintiff's counsel and indicated that he "Had some **family issues** arise today that I had to take care of" and asked for consent to file Defendant's answer the following day.  *Exhibit* 11 (bold underline emphasis added).  The Magistrate Judge in the New Mexico case found specifically that:

> Dunn's reliance on his **family issues** as an excuse for missing the June 15 deadline is betrayed by his continued observance of his other legal obligations.

*Exhibit* 1 at p. 7. (bold underline emphasis added).

The Court may take judicial notice that Mr. Dunn was able to file a pro hac vice application in another federal case on October 8, 2013.  *See* USDC Nevada Case 2:13-CV-01428-APG-VCF, Document 9.  Moreover, notwithstanding the fact that Mr. Dunn Dunn's pro hac application had not even been approved by the court, he was able to immediately file a multipage motion to dismiss in this matter on October 10, 2013, only 75 minutes after the Plaintiff's request for entry of default in this matter. By filing a motion to dismiss despite the fact that he was not admitted to practice before this Court, Mr. Dunn has apparently chosen to disregard the fact that his request to practice law before this Court has not been

approved. Practicing law in a jurisdiction without being admitted has been a basis for denying pro hac vice admission in the past. *See Erbaccis, Cerone, and Moriarty, Ltd. v. United States*, 923 F.Supp. 482 (S.D.N.Y. 1996).

## <u>Conclusion</u>

For all of the forgoing reasons, Plaintiff respectfully OBJECTS to the Pro Hac Vice Admission of Mr. Steven R. Dunn in this matter.

Respectfully submitted,

Dated: October 10, 2013

**JOSEPH MAURO, LLC**
By:  s/Joseph M. Mauro
Joseph M. Mauro, Esq.
New York Attorney ID#2751196
(*Admitted Pro Hac Vice*)
306 McCall Ave
West Islip, New York 11795
Telephone: (631) 669-0921
joemauroesq@hotmail.com

**BARRY & HELWIG, LLC**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                                    **Attorneys for Plaintiff**