IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE FABIO,

                       Plaintiff,                      OPINION AND ORDER

   v.

                                                      13-cv-524-wmc

DIVERSIFIED CONSULTANTS, INC.
a Florida Corporation, d/b/a Diversified
Credit, Inc.,

                       Defendant.

---

On October 10, 2013, plaintiff Jesse Fabio filed a motion for entry of default after defendant Diversified Consultants, Inc. failed to appear, plead or otherwise defend. (Dkt. #6.) That same day, defendant Diversified filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) or, in the alternative, to transfer this case to the Middle District of Florida or the District of Minnesota (dkt. #9), along with its counsel Attorney Steven R. Dunn's motion to be admitted *pro hac vice* (dkt. #8).

In a highly unusual move -- to their credit, plaintiff's counsel acknowledges its rarity -- plaintiff opposes Dunn's motion to admit. (Dkt. #11.) The opposition is not, as it turns out, without some basis -- plaintiff points to orders in other federal courts, specifically, the District of New Mexico and the District of Colorado -- sanctioning Attorney Dunn for improper conduct. Plaintiff also attaches email exchanges between plaintiff's counsel and Attorney Dunn in an attempt to demonstrate a lack of diligence on his part with respect to the present lawsuit. Nevertheless, the court will deny plaintiff's motion for default at this time and admit Attorney Dunn *pro hac vice*

conditioned on his obtaining local counsel already admitted to the bar of this court to act as defendant's co-counsel.

This court has adopted a local rule governing the admission of lawyers, which provides in pertinent part:

> A. Any lawyer licensed to practice before the highest court of any state of the District of Columbia is eligible for admission to practice in this court.
>
> . . .
>
> C. Any lawyer eligible for membership in the bar of this court may, upon payment of the prescribed pro hac vice fee, move the court to proceed in a particular matter without becoming a member of the bar of this court.

W.D. Wis. L.R. 83.5.

In his motion for admission *pro hac vice*, Attorney Dunn represents that he is an "attorney in good standing licensed to practice in Texas," (dkt. #8), and the website for the State Bar of Texas lists his status as "eligible to practice in Texas," *see* State Bar of Texas, Find a Lawyer, Steven Richard Dunn, *available at* http://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&Template=/CustomSource/MemberDirectory/Result_form_client.cfm (last visited October 15, 2013). Accordingly, Attorney Dunn meets the admittedly low bar for admission to this court, and the court will grant Attorney Dunn's motion for admission *pro hac vice*.

As noted, also before the court is plaintiff's motion for default. (Dkt. #6.) Proof of service filed in this court shows that defendant was served with the complaint on September 11, 2013, making the answer due on or before October 2, 2013. (Dkt. #5.) The complaint, however, was filed on July 23, 2013, over six weeks before service was

accomplished. (Dkt. #1.) In light of the relatively short delay in filing the motion to dismiss -- a mere eight days after its due date -- and the fact that defendant's motion was filed the *same* day plaintiff filed his motion, the court will deny plaintiff's motion for entry of default.

While Attorney Dunn's motion to admit is granted and plaintiff's motion for entry of default is denied, the court does find some of his apparent past conduct in other courts and delaying tactics to date in this case troubling. Accordingly, the court will require defendant to retain as co-counsel a local lawyer who is already admitted to this court. This order is consistent with both local rule and Attorney Dunn's representation to plaintiff's counsel of his intent to secure local counsel. *See* W.D. Wis. LR 83.5(D) ("Non-resident lawyers need not retain local counsel to assist in the presentation of their cases unless specifically directed to do so by a judge or magistrate judge."); Pl.'s Opp'n to Mot. to Admit, Ex. 8 (dkt. #11-8). Defendant's failure to complete its retention of a locally-based, co-counsel on or before the date defendant's reply in support of its motion to dismiss is due, November 12, 2013, will result in the court revisiting plaintiff's motion for default.

ORDER

IT IS ORDERED that:

1) Plaintiff Jesse Fabio's motion for entry of default (dkt. #6) is DENIED;

2) Attorney Steven R. Dunn's motion for admission *pro hac vice* (dkt. #8) is GRANTED; and

3) Defendant Diversified Consultants, Inc. shall retain a locally-based attorney already admitted to this court to act as co-counsel on or before November 12, 2013.

Entered this 16th day of October, 2013.

>BY THE COURT:
>
>/s/
>
>_____
>WILLIAM M. CONLEY
>District Judge