# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN
### COURT FILE NO. 3:13-cv-00524-wmc

| | |
|---|---|
| Jesse Fabio,<br><br>        Plaintiff,<br><br>v.<br><br>Diversified Consultants, Inc., a Florida Corporation, d/b/a Diversified Credit, Inc.<br><br>Defendant. | **Case No. 3:13-cv-00524-wmc**<br><br><br>**BRIEF IN OPPOSITION TO MOTION TO DISMISS** |

## BRIEF IN OPPOSITION TO MOTION TO DISMISS

### INTRODUCTION

Plaintiff filed this lawsuit because the Defendant debt collector used a robo-dialer to telephone Plaintiff's cellular phone more than 180 times to collect someone else's consumer debt. On many of Defendant's calls to the Plaintiff's cell phone, the caller ID unit on the Plaintiff's phone identified the calls as coming from the local Wisconsin area code (608). **Exhibit A.**

The Defendant is a debt collector who regularly engages in debt collection activities in Wisconsin and is licensed by the Wisconsin Department of Financial Institutions as a foreign corporation. **Exhibit B.**

The Defendant debt collector has been collecting debts from Wisconsin

consumers in Wisconsin since at least 2009.  **Exhibit C.**  Exhibit C contains summary reports from the Wisconsin Department of Financial Institutions relating to 16 different consumers complaints from Wisconsin residents over the last four years, each relating to the Defendant's debt collection activities in Wisconsin. Additionally, the federal court's PACER database indicates at least one other federal lawsuit against the Defendant in 2012 for its debt collection activities in Wisconsin. See *Farmer v. Diversified*, 12-cv-00124  (ED Wisc. 2012) Docket Entry #1.  **Exhibit D**.  Moreover, the Plaintiff is regularly present in Wisconsin as part of his employment.  In fact, the Plaintiff received some of these illegal calls on his cellular phone while he was located in the State of Wisconsin.  **Exhibit E.**

The Court can and should take judicial notice of all of these facts in concluding that it Plaintiff has properly invoked both the jurisdiction and the venue of this Court in this case, and therefore deny Defendant's motion in its entirety.

## I.    **The Court has Personal Jurisdiction**

The Court can exercise personal jurisdiction over a defendant if the defendant has purposely established minimum contacts with the forum state such that he or she "should reasonably anticipate being haled into court" there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

If the Defendant's "contacts" with the forum state is the subject of the

Complaint, the Court can exercise "specific personal jurisdiction" of the Defendant.  Even if the subject of the Complaint did not involve contact with the forum state however, the Court can still exercise "general personal jurisdiction" over a Defendant if the Defendant has had "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

In the instant case, the Court can exercise personal jurisdiction over the Defendant based on either the concept of specific or general personal jurisdiction.

### A.    This Court Has Specific Personal Jurisdiction Over Defendant

In terms of specific personal jurisdiction, the Plaintiff has alleged, and has put forth prima facie evidence that the Defendant made more than 180 telephone calls to the Plaintiff from the 608 area code.  **Exhibit A**.  The Court should take judicial notice of the fact that the 608 area code is located in the state of Wisconsin. *United States v. Deckard*, 816 F.2d 426, 428 (8th Cir. Mo. 1987); *S. United States Trade Ass'n v. Sumit Guddh*, 2012 U.S. Dist. LEXIS 160380 (E.D. La. Nov. 8, 2012); *Driessen v. Woodforest Nat'l Bank,* 2012 U.S. Dist. LEXIS 140137 (S.D. Ohio Sept. 28, 2012); *Orsi v. Sheik Falah Bin Zayed Bin Sultan Al-Nahyan*, 2012 U.S. Dist. LEXIS 136798, 20-21 (D. Mass. Sept. 25, 2012).

According to the Plaintiff, each of the calls appearing in Exhibit A was a call to his cell phone from the Defendant.  **Exhibit E.**  The Plaintiff further indicates

that he received some of the illegal calls on his cellular phone while the Plaintiff was in the state of Wisconsin.  **Id.**

While the Defendant has proffered an affidavit suggesting that Defendant is not located in Wisconsin, the law is clear that any factual disputes relating to a motion to dismiss based upon personal jurisdiction should be resolved in favor of the Plaintiff.  *RAR, Inc. v. Turner Diesel,* 107 F.3d 1272 (7th Cir. Ill. 1997); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. Ind. 2003). The Plaintiff need only put forth prima facie evidence that the Defendant made the calls from Wisconsin.  Considering the photographs of the 180+ cellular calls contained in Exhibit A originating from area code 608, the Plaintiff has clearly made a prima facie showing that the calls were made from Wisconsin. In fact, it appears beyond dispute that the calls did come from Wisconsin.  Each of the calls appearing in Exhibit A came from the 608 area code. According to Plaintiff, each of the telephone calls on Exhibit A came from the Defendant.  **Exhibits E.**  See also **Exhibit J** containing numerous other consumer complaints publically available on the Internet regarding these same phone numbers called to Plaintiff by Defendant.

The Court should carefully note that the Defendant's Affidavit does not even deny that the calls were made from Wisconsin.  Instead, the Defendant's Affidavit makes the ambiguous statement that "*none of the communications with the Plaintiff*

*occurred in the Western District of Wisconsin*." **Docket #12, pp.1-2.**  It is unclear what this statement means.  If the Defendant means that *it* was not in the Western District of Wisconsin when they made the calls, this is a *non sequitur* conclusively belied by Exhibit A.  If the Defendant means that the *Plaintiff* was not in the Western District of Wisconsin when any the calls were made to him, Defendant is simply wrong.  **Exhibit E.**  The Plaintiff's affidavit clearly indicates that he is regularly in the State of Wisconsin with his cell phone as part of his employment and, even more importantly, that he received some of the calls from the Defendant while in Wisconsin.  **Id.**  The Plaintiff has clearly made a prima facie showing that these communications from Defendant occurred in Wisconsin, and at time when Plaintiff was in Wisconsin as well.

### B.   This Court Has General Personal Jurisdiction Over Defendant

Even assuming arguendo that neither the Plaintiff nor the Defendant were present in the Wisconsin during the phone calls, the Court may still exercise "general personal jurisdiction" over the Defendant, if the Defendant had "continuous and systematic" contacts with the forum state. *Helicopteros*, 466 U.S. 408, 416 (1984).

The Defendant is a national debt collector who regularly engages in their debt collection business in Wisconsin. **Exhibit G.**  In fact, Defendant boasts its business leaves …"*no corner of the country un-touched* and gives DCI's clients

and customers 24/7 communication ability." **Id. (italics added).**  The Defendant has also registered as a Corporation in Wisconsin so as to conduct their debt collection business under the protection of Wisconsin law.  **Exhibit B.**

The 16 consumer complaints against Defendant, registered with the Wisconsin Department of Financial Institutions over the past four years, indicate that Defendant is in fact regularly conducting its debt collection business in Wisconsin, albeit with some obvious dissatisfaction from those complainants. **Exhibit C.**

Furthermore, the Defendant called the Plaintiff at least 180 times.   At multiple times when the Plaintiff received a call from the Defendant, the Plaintiff was in Wisconsin.  **Exhibit E.**  This Court can reasonably infer that the Defendant calls other consumers in Wisconsin with a similar frequency; and, there is no evidence at this point to suggest that the Defendant singled out the Plaintiff for more calls than Defendant's other collection targets.

This is not a situation where the Defendant has had a single, isolated, *de minimis* contact with the Wisconsin forum.  Rather, Defendant's regular business is to call into Wisconsin to try to get Wisconsin consumers to pay it money over the telephone.   **Exhibit G.**   Defendant registered it company with the State of Wisconsin so as to engage in this business in Wisconsin, and it does it on a continuous and systematic basis.

Indisputably, Defendant has purposefully availed itself to the general personal jurisdiction of the Wisconsin Courts and the exercise of this personal jurisdiction over the Defendant comports with due process.

### C.   Wisconsin's Long Arm Statute Gives Personal Jurisdiction

When analyzing a question of personal jurisdiction, Fed. R. Civ. P. 4(k)(1)(A) directs that the Court look to the forum state's long arm statute.

The Wisconsin long arm statute permits a court to exercise jurisdiction to the fullest extent that due process will allow. *State ex rel. N.R.Z. v. G.L.C.*, 152 Wis. 2d 97, 104-05, 447 N.W.2d 533 (1989).   When a state long arm permits the exercise of jurisdiction to the constitutional limits, the constitutional inquiry and the long arm inquiry effectively merge. If the exercise of jurisdiction comports with due process, then it also comports with the long arm statute. *Tamburo v. Dworkin*, 601 F.3d 693, 700-701 (7th Cir. Ill. 2010).   The question essentially boils down to whether the defendant had sufficient "minimum contacts" with the forum such that the maintenance of the suit would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)  As long as the constitutional due process concerns are satisfied, Wisconsin's "long arm" statute also permits the Court to exercise jurisdiction over the Defendant. *State ex rel. N.R.Z. v. G.L.C.*, 152 Wis. 2d 97, 104-05, 447 N.W.2d 533 (1989).   As noted above, it appears that the Court can clearly

assert either "specific personal jurisdiction," or "general personal jurisdiction" over the Defendant.

There does not appear to be any question that the defendant has sufficient "minimum contacts."  The Defendant clearly anticipated that they could be hailed into a Wisconsin court to answer for their illegal debt collection activities because in fact it already had been. See, *Farmer v. Diversified*, 12-cv-00124  (ED Wisc. 2012) and *Richard Paul et al vs. Diversified Consultants Inc*.,  2005 SC 001704 (Wisconsin Circuit Court, Judgment date 5/4/2005)(attached as **Exhibit K**). Furthermore, in the *Farmer* case, the Defendant never even objected to venue. The Defendant registered as a foreign corporation so as to conduct their debt collection in Wisconsin, and has previously been sued in Wisconsin. Additionally, the Defendant is no stranger to getting sued in foreign jurisdictions in which they collect debts; Defendant regularly gets sued in local district courts around the country relating to their debt collection harassment.   **Exhibit D.**  They knew full well that they could get sued in Wisconsin.

Analyzing the Wisconsin long arm itself, leads to the same result.  Wis. Stat. § 801.05 states in pertinent part:

(1) LOCAL PRESENCE OR STATUS.

In any action whether arising within or without this state, against a defendant who when the action is commenced:

(a) Is a natural person present within this state when served; or

(b) Is a natural person domiciled within this state; or (c) Is a domestic corporation or limited liability company; or (d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

(2) SPECIAL JURISDICTION STATUTES.

In any action which may be brought under statutes of this state that specifically confer grounds for personal jurisdiction over the defendant.

Courts should liberally construe Wisconsin's long arm statute in favor of exercising jurisdiction. *Schroeder v. Raich*, 89 Wis. 2d 588, 593, 278 N.W.2d 871 (1979). Wisconsin's long arm should be read to grant court's person jurisdiction to the fullest extent allowed by due process. *State ex rel. N.R.Z. v. G.L.C.*, 152 Wis. 2d 97, 104-05, 447 N.W.2d 533 (1989). As the exercise of personal jurisdiction in this matter would comport with the due process requirements of both "specific" and "general" personal jurisdiction, it is clear that Wisconsin's long arm would permit the Court to exercise personal jurisdiction. The Defendant is engaged in "substantial and not isolated activities within this state."

In *Johnson Worldwide Assocs. v. Brunton Co.*, 12 F. Supp. 2d 901, 906-907 (E.D. Wis. 1998), the Court detailed the factors to be considered under the Wisconsin long arm:

Wisconsin's long-arm statute provides for personal jurisdiction in any action over "a defendant who when the action is commenced: . . . Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."

Wis. Stat. § 801.05(1)(d). Five factors affect whether a defendant's contacts with Wisconsin are "substantial and not isolated" for purposes of section 801.05(1)(d): (1) the quantity of contacts, (2) the nature and quality of the contacts, (3) the source of the contacts and their connection with the cause of action, (4) the interests of the State of Wisconsin, and (5) the convenience of the parties. *Nagel v. Crain Cutter Co.*, 50 Wis. 2d 638, 648-50, 184 N.W.2d 876 (1971); *International Communications, Inc. v. Rates Tech., Inc.*, 694 F. Supp. 1347, 1350 (E.D. Wis. 1988). A defendant generally has "substantial and not isolated" contacts with the state if it "solicit[s], create[s], nurture[s], or maintain[s], whether through personal contacts or long-distance communications, a continuing business relationship with anyone in the state." *Stauffacher v. Bennett*, 969 F.2d 455, 457 (7th Cir. 1992). Even if a nonresident never sets foot in Wisconsin, the existence of a continuing  business relationship with someone in Wisconsin is enough to warrant an inference that the defendant benefits from services provided in Wisconsin "and could therefore be required, as a quid pro quo, to submit to the jurisdiction of the state's courts." Id. at 457-58.

It is clear that the Defendant's contacts with Wisconsin are not isolated. Plaintiff alleges that it is Defendant's business to communicate with people over the telephone and through the mails in order to collect money.  **Exhibit G.** Plaintiff has alleged that the Defendant uses automated computer and telephone equipment in order to make debt collection calls to and from Wisconsin.  Although the evidence shows that the Defendant made the calls in question from Wisconsin (**see Exhibit A**), the law is clear that the Defendant need not even be physically located in Wisconsin for the Court to exercise personal jurisdiction. *Stauffacher v. Bennett*, 969 F.2d 455, 457-458 (7th Cir. Wis. 1992).  Telephone calls <u>into</u> Wisconsin can form the basis of personal jurisdiction. *Vesuvius Techs., LLC v.*

*ServerCentral, Inc.*, 2013 U.S. Dist. LEXIS 63644, 8-9 (E.D. Wis. May 3, 2013);

*PKWare, Inc. v. Timothy L. Meade & Ascent Solutions,* 79 F. Supp. 2d 1007, 1012-

1013 (E.D. Wis. 2000).  The evidence is clear that the Defendant's regular business

includes making debt collection telephone calls into Wisconsin.  **See Exhibits A,**

**B, C, D, J, and K.**  And as noted in the Plaintiff's Affidavit, the Defendant used

their automated telephone equipment to call the Plaintiff's cell phone while the

Plaintiff was located in Wisconsin.  **Exhibit E.**

 As the Court in *Johnson Worldwide Assocs. v. Brunton Co.*, 12 F. Supp. 2d

901, 906-907 (E.D. Wis. 1998), noted, there are five major considerations when

analyzing the questions of personal jurisdiction. Each of these factors support the

Court exercising jurisdiction over the Defendant in the instant matter.

i. <u>Quantity of Contacts.</u>  It is the Defendant's general business to collect

debts in Wisconsin.  **Exhibit G.**  They registered with the state of Wisconsin to

conduct their debt collection business in Wisconsin.  **Exhibit B.**  The Complaints

registered with the Wisconsin Department of Financial Institutions indicate that

they are in fact regularly conducting their debt collection business in Wisconsin.

**Exhibit C**.  The Defendant called the Plaintiff 180 times with their automated

telephone equipment, with some of these calls Plaintiff received from Defendant

while he was in Wisconsin.  **Exhibit E.**

ii. <u>Nature and Quality of the Contacts</u>.  The Defendant's regular business

includes collecting money from Wisconsin consumers via the telephone and mail. Defendant's contact with Wisconsin is hardly incidental. Defendant purposefully and knowingly contacts Wisconsin consumers and collect money from those consumers. The Court in *Vesuvius Techs., LLC v. ServerCentral, Inc.*, 2013 U.S. Dist. LEXIS 63644 (E.D. Wis. May 3, 2013) has noted that telephone calls into Wisconsin constitute contacts of "the second highest degree, i.e. some other form of personal contact such as phone calls or emails." Id.  In the instant case, not only were some of the calls received by the Plaintiff while he was in Wisconsin, but it appears clear that many of the calls were made from Wisconsin area code 608. Without a doubt, Defendant's regular debt collection business in Wisconsin is hardly isolated.

### iii. The Source of Contacts and their Connection with the Cause of Action.

The source of the contacts are the Defendants themselves. Defendant themselves knowingly and purposefully collect money from Wisconsin consumers by calling into and out of Wisconsin.  It is these Wisconsin debt collection practices that form the basis of this lawsuit.  Plaintiff's complaint directly concerns the Defendant's Wisconsin debt collection phone calls.

### iv.  The Interests of the State of Wisconsin.

The State Wisconsin clearly has an interest in assuring that debt collectors plying their trade within their borders operate legally. Wisconsin has in fact passed

legislation to regulate debt collection within their borders.  Wis. Stat. § 427.104.

    v. <u>The Convenience of the Parties</u>.

    The Defendant apparently prefers that this case be litigated in Jacksonville, Florida, a distance of about 1,213 miles from this Court, or in Minneapolis, Minnesota about 268 miles from this Court. The Defendant is headquartered in Jacksonville, but they have retained an attorney who is located in Houston, Texas, so clearly that distance of 870 miles was not a problem for Defendant.  The Court should further note that the Defendant is a national debt collection company who has been, and continues to be sued in Federal Court all over the Country for debt collection harassment.  A review of the PACER docket shows the Defendant has defended, or is defending, over 125 federal lawsuits in district courts all across the country.  **Exhibit H.**  In terms of Defendant's convenience, the facts are clear that there is no difference whether the case is litigated in Wisconsin or Minneapolis.

    Instead, Defendant's request to change venue does not appear to be related to the Defendant's convenience at all.  Defendant's attempt to change venue may be aimed at getting this case off of this Court's notoriously fast docket.  From the Plaintiff's perspective, it is just as convenient for the Plaintiff to litigate this case in Wisconsin as Minnesota.  **Exhibit E.**  The Plaintiff is regularly in Wisconsin as part of his employment, and he is readily able to appear in Wisconsin for any necessary court activities.  **Id.**  With respect to transferring this case to Minnesota,

the "convenience of the parties" factor appears to be relatively neutral. See *Vesuvius Techs., LLC v. ServerCentral, Inc.*, 2013 U.S. Dist. LEXIS 63644 (E.D. Wis. May 3, 2013).

However, the Defendant also asks this Court to transfer this case to the Northern District of Florida.  Moving this case to Jacksonville Florida would be immensely inconvenient to the Plaintiff.  Plaintiff would have significant difficulty appearing in Florida for this litigation.  **Exhibit E.**  As further noted below in the section addressing a change of venue, Defendant's request to move this case to Florida appears to be aimed at making it as difficult as possible for Plaintiff to litigate this case. This factor suggests strongly that for the convenience of the parties, the case should remain in Wisconsin.

In sum, the Court has personal jurisdiction over the Defendant based upon Wisconsin's long arm statute. Additionally, the exercise of such personal jurisdiction over the Defendant does not run afoul of due process considerations. The Defendant has purposefully availed itself to Wisconsin law by registering itself to conduct business within the state, registering an agent of process, and by continuously engaging in their debt collection business in Wisconsin.

## II.   <u>Venue is Proper</u>

Federal Rule 28 U.S.C. § 1391(b)(1), (2), says that venue is proper in any judicial district in which any defendant resides…"  For purposes of venue, a

corporation "resides" in any district in which the Court can exercise personal jurisdiction over the corporation. 28 U.S.C. § 1391(c)(2).  Hence, if this Court may exercise personal jurisdiction over the Defendant, then this Court is a proper venue. *Sentry Select Ins. Co. v. McCoy Corp.*, 2013 U.S. Dist. LEXIS 140971 (W.D. Wis. Sept. 30, 2013);  *Varsic v. United States District Court for the Central District of California*, 607 F. 2d 245 (9th Cir. 1979).

For the reasons outlined above, the Court may certainly exercise personal jurisdiction over the Defendant herein. The Defendant purposefully availed themselves to the Court's jurisdiction, and clearly has minimum contacts with Wisconsin, as discussed above.  As such, venue is proper in the Western District of Wisconsin.

## III.   Venue should Remain in the Western District of Wisconsin

In addition to arguing that the Court lacks jurisdiction, and that venue is improper, the Defendant has also argued that Wisconsin is an inconvenient forum. The Defendant argues that the venue should be changed to Minnesota or the Northern District of Florida.  Plaintiff respectfully suggests that Defendant motion should be denied.

### A.   Legal Standard

In *Trouve Enters. v. Newell Rubbermaid Inc.*, 2008 U.S. Dist. LEXIS 7827, 4-5 (W.D. Wis. Feb. 1, 2008), this Court clearly laid out the standard to be used in

determining a motion to change venue:

> Under 28 U.S.C. § 1404(a), a court may transfer a case to another district if that transfer serves the convenience of the parties and witnesses. However, in weighing a motion to transfer venue, a court often must look beyond the convenience of one party to determine whether transfer will promote the interest of justice. *Coffey*, 796 F.2d at 219-20; *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996). The promotion of the interest of justice may be "determinative," and convenience alone may be insufficient to justify transfer. *Coffey*, 796 F.2d at 220. With this in mind, "[f]actors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," such as whether a transfer would help the litigants receive a speedy trial. Id. at 221. Further, because a plaintiff's choice of forum is entitled to deference generally, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981), a defendant seeking transfer under § 1404(a) must show that another forum is "clearly more convenient." *Coffey*, 796 F.2d at 219-20.

B.   **Application**

The Plaintiff has alleged, and the evidence is clear, that the Defendant made debt collection calls from Wisconsin to the Plaintiff.  **Exhibit A.**  The evidence is also clear that Plaintiff also received some of the calls while in Wisconsin.  **Exhibit E.**  The Plaintiff lives in Minnesota but he is in Wisconsin regularly as part of his employment.  **Id.**  The Defendant wants to move this case to Florida, or to Minnesota.  Plaintiff respectfully suggests that the Defendant has not met their burden to show that either of the proposed other district is "clearly more convenient."

i.  *The Robodialed and Prerecorded Collection Calls came from Wisconsin and Some Calls were Received By Plaintiff in Wisconsin*

As detailed above, **Exhibit A** clearly shows that many of the Defendant's illegal calls in question came from the 608 area code in Wisconsin. The Court may take judicial notice that an area code comes from a certain region.  *United States v. Deckard*, 816 F.2d 426, 428 (8th Cir. Mo. 1987); *S. United States Trade Ass'n v. Sumit Guddh*, 2012 U.S. Dist. LEXIS 160380 (E.D. La. Nov. 8, 2012) *Driessen v. Woodforest Nat'l Bank*, 2012 U.S. Dist. LEXIS 140137 (S.D. Ohio Sept. 28, 2012); *Orsi v. Sheik Falah Bin Zayed Bin Sultan Al-Nahyan*, 2012 U.S. Dist. LEXIS 136798, 20-21 (D. Mass. Sept. 25, 2012).   As such, it appears clear that many of these robodialed and prerecorded collection calls to Plaintiff from the Defendant came from Wisconsin.

In addition, the Plaintiff's has alleged that he was in Wisconsin when he received some of the illegal calls.  **Exhibit E.**  Plaintiff is regularly in Wisconsin as part of his employment and lives less than 275 miles from this Courthouse. Plaintiff would have no difficulty appearing in the Court for any proceedings. Finally, a substantial part of the actions that form the basis of this complaint occurred in this district.

ii.  *Wisconsin has Faster Docket Either of Defendant's Proposed Alternative Venues*

In *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. Ind. 1986), the Court noted that the time in which the Plaintiff can get is his case to trial is a factor in determining the interests of justice. Also see: *Trouve Enters. v. Newell Rubbermaid Inc*., 2008 U.S. Dist. LEXIS 7827, 8-9 (W.D. Wis. Feb. 1, 2008); *Parsons v. Chesapeake & Ohio Ry. Co.,* 375 U.S. 71, 73, (1963)( "the relative speed with which an action may be resolved is an important consideration when selecting a venue…").

It is clear that the litigants will resolve this case much quicker in the Western District of Wisconsin than in either of Defendant's proposed forums.  As shown in the relevant portions of the most recent "National Judicial Caseload Profile" of the United States District Courts, the Western District of Wisconsin is significantly quicker than the District of Minnesota or the Northern District of Florida.  **Exhibit F.**[1]  The average time between initiation of suit and trial in the Western District of Wisconsin is 17.6 months.   In Minnesota, that average is 23.4 months.   In the Northern District of Florida it is 24.1 months.  **Id.**  Plaintiff seeks to have this case administered and tried in the quickest possible forum.

In fact, the Defendant may have already attempted to stall these proceedings by avoiding service.   The Defendant's registered agent initially avoided valid

---

[1] http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-june-2013.aspx.

service by wrongly telling the process server that it could not accept proper service of this lawsuit and that the Defendant had to be served in Florida.   **Exhibit I.** Then, after failing to timely answer or otherwise defend in this matter, Defendant further attempted to delay these proceedings as noted in this Court's decision regarding defense counsel's pro hac vice motion:

> While Attorney Dunn's motion to admit is granted and plaintiff's motion for entry of default is denied, the court does find some of his apparent past conduct in other courts and delaying tactics to date in this case troubling.

**Docket #13, p. 3.**  Plaintiff respectfully asserts that this motion itself, with a rather suspect challenge to this Court's jurisdiction, may also be another delaying tactic aimed at slowing down the progress of this case.

   iii.   *The Convenience of the Parties*

   The Defendant is a national debt collector who regularly gets sued and defends cases in district courts around the Country.   **Exhibit H**.  The Defendant has hired a Texas attorney to represent them in Wisconsin.  Defendant's business and "legal reach" is national in scope.  It is no more convenient for the Defendant to litigate this case in Minnesota or Florida, than it is to litigate this case in Wisconsin.  The Courthouse in Minnesota or Florida is no more convenient for Texas defense counsel than the Courthouse in Wisconsin.  The Defendant is asking that this case be transferred to Minneapolis, Minnesota, a distance of approximately 275 miles from this Court in Madison, Wisconsin.   Clearly

convenience is not the issue for Defendant.  It is respectfully submitted that the speed of the Western District of Wisconsin is what Defendant seeks to avoid.

With respect to transferring this case to Florida, Plaintiff would have significant difficulty appearing in Florida for this litigation.  **Exhibit E.** Defendant's request to move this case to Florida appears to be aimed at making it as difficult as possible for Plaintiff to litigate this case.  Plaintiff is not in the financial position to travel to Florida to redress wrongs committed against him in Wisconsin and Minnesota.  Plaintiff has stated that he regularly works and travels in Wisconsin.[2]  To impose on Plaintiff the costs related to bringing this action in another venue would be to impose an undue hardship that could well deny Plaintiff his day in court.

In *Gonsalves v. Nat'l Credit Sys., Inc.*, 1990 U.S. Dist. LEXIS 20944, the United States District Court for the District of Connecticut found that an appropriate venue under 28 U.S.C. § 1391(b) for an FDCPA claim is the district where the injury occurred, or where the communication was received, and that transfer to the venue of the debt collector would be inconvenient to the consumer and was denied.  Defendant has not cited any case that where a Court transferred a debt collection harassment case to the home venue of the harassing debt collector.

---

[2] On the day and time that Plaintiff signed the Affidavit attached as **Exhibit E** to this brief, Plaintiff was again headed to Brownsville, Wisconsin to work. Brownsville, Wisconsin is 67 miles from this Courthouse in Madison, Wisconsin.

Such a ruling would run afoul of the consumer protection aspect of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 et seq.  The FDCPA in fact specifically prohibits the Defendant from bringing a debt collection lawsuit in a forum other than where the consumer is located (or where the contract forming the debt was entered).   See 15 U.S.C. § 1692i.  This clearly indicates that in enacting the FDCPA, Congress's was aware of the fact that debt collectors are generally in a far better position to litigate in a distant forum than are consumers.  Moreover, the records and witnesses are not a consideration here. The documents necessary to litigate this case are easily disclosed via email or even regular mail, and need not be reviewed in person at the Defendant's location.

As the Court in *Vesuvius Techs., LLC v. ServerCentral, Inc.*, 2013 U.S. Dist. LEXIS 63644 (E.D. Wis. May 3, 2013)

> Whenever opposing parties are based in different districts, one party will necessarily be inconvenienced. "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation*, 626 F.3d at 978.

It is respectfully submitted that in the instant matter, it is not a close call. The Plaintiff brought this action in a forum where:

- a substantial part of the relevant events occurred (i.e. where the subject communications occurred);

- in a Court where he can receive quick justice;

- in a location close to his residence;

- in a forum where the defendant has purposefully availed themselves of the Court's jurisdiction; and

- in a forum that is not inconvenient to any of the litigants.

Defendant has not met their burden to disrupt the Plaintiff's choice of venue. Transferring this case to Florida would potentially have the effect of eliminating Plaintiff's ability to litigate it.  Likewise, denying that request to transfer will have no effect on this Defendant.  The request should be denied.

<u>CONCLUSION</u>

For all of the forgoing reasons, the Court should retain jurisdiction of this matter; deny the Defendant's motion to dismiss; and deny Defendant's request to transfer venue.

Respectfully submitted,

Dated: October 30, 2013

**JOSEPH MAURO, LLC**
By:  **s/Joseph M. Mauro**
Joseph M. Mauro, Esq.
New York Attorney ID#2751196
(*Admitted Pro Hac Vice*)
306 McCall Ave
West Islip, New York 11795
Telephone: (631) 669-0921
joemauroesq@hotmail.com

**BARRY & HELWIG, LLC**
By: **s/ Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                         **Attorneys for Plaintiff**