# Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
COURT FILE NO.:

| | |
|---|---|
| Kaleb Farmer, and, <br> Michael Farmer, <br><br> Plaintiff, <br> v. <br><br> Diversified Consultants, Inc., <br> Shawn Brooks, and, <br> Jane Doe. <br><br> Defendants. | COMPLAINT <br><br> JURY TRIAL DEMANDED |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the invasions of Plaintiff's personal privacy by these Defendants in their efforts to collect a consumer debt.

## JURISDICTION

2. Jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and, for the pendent state law claims, pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred here.

## TRIAL BY JURY

4. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PARTIES

5. Plaintiff Kaleb Farmer ("Kaleb") is a natural person who resides in Superior, Wisconsin, and is a "consumer" as that term is defined by Section 1692a(3).[1]

6. Plaintiff Michael Farmer ("Michael") is a natural person who resides in Superior, Wisconsin.

7. Defendant Diversified Consultants, Inc., ("Diversified") is a foreign corporation engaged in the business collecting debts in this state from its principal address of 10550 Deerwood Park Blvd, Jacksonville, Florida 32256. Its registered agent for service of process in Wisconsin is Incorp Services, Inc., 901 South Whitney Way, Madison, Wisconsin 53711. It is a "debt collector" as that term is defined by Section 1692a(6) because it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant Shawn Brooks is a natural person employed by Defendant Diversified as a "debt collector," as that term is defined by Section 1692a(6).

---

[1] Hereinafter, all references to a "Section" is a reference to the specified section of the FDCPA.

9. Defendant Jane Doe is a natural person employed by Defendant Diversified as a "debt collector," as that term is defined by Section 1692a(6), whose identity is currently unknown to Plaintiffs. She will be joined as party once her identity is disclosed through discovery.

## FACTUAL ALLEGATIONS

10. Sometime prior to December 2011, Plaintiff Kaleb allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by Section 1692a(5), namely a debt with Sprint for cellular phone service.

11. The last bill received from Sprint was for $586.00.

12. Sometime thereafter, the alleged debt was assigned, purchased, placed or otherwise transferred to Defendant Diversified for collection from the Plaintiff Kaleb.

13. On or about December 19, 2011, Defendant Jane Doe contacted Plaintiff Kaleb, told him that he owed $800.00 and said that if he did not set up a payment by the end of the call she would note that he was refusing to pay his debt. Plaintiff Kaleb responded that he was not refusing to pay but, because he was driving at the time, wanted to call her back to set up a payment. Defendant Jane Doe responded that he needed to set up a payment before the end of the call.

14. Because of the pressure put on him by Defendant Jane Doe, Plaintiff Kaleb agreed to make two payments of $202.00 and gave her his debit card number.

15. Plaintiff Kaleb requested that the first payment be processed at the end of January 2012 and Defendant Jane Doe responded that that was not possible and set up payments for December 30, 2011, and January 16, 2012.

16. This was the first time Plaintiff Kaleb had been contacted by Defendants.

17. During this initial conversation, Defendant Jane Doe did not identify herself; state that she was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose; or provide the information required by Section 1692g.

18. Plaintiff Kaleb did not receive a written notice within 5 days of his initial communication with Defendant Jane Doe that provided the information required by Section 1692g.

19. Plaintiff Kaleb never received written notice that his debit card payment was going to be processed on December 30, 2011.

20. On or about December 28, 2011, Plaintiff's brother, Michael, who works for a collection agency, contacted Defendant Diversified to discuss the payment arrangement that his brother had established with Defendant Diversified.

21. Plaintiff initially talked to "Alexandria", but asked to talk to her supervisor and was transferred to Defendant Brooks. After Plaintiff Michael raised some

potential FDCPA violations in his initial conversation with "Alexandria" and attempted to discuss the repayment plan, Defendant Brooks, in a demeaning tone, called him a "clown," told him to get his brother back on the phone, but then, said, "you're not worth it" and hung up.

22. During this conversation Plaintiff Michael asked for the name and spelling of the initial debt collector "Alexandria" but Defendant Brooks would not provide it to him.

23. When Plaintiff Michael called back he was immediately placed on hold, where he remained until her terminated the call.

24. Defendants' illegal actions invaded the Plaintiffs' privacy.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, the specific violations cited below.

27. Defendant Jane Doe violated Section 1692e(11) by failing to disclose in her initial communication that she was a debt collector attempting to collect a debt and that any information she obtained would be used for that purpose.

28. Defendant Diversified violated Section 1692g(a) by failing to provide the validation notice within 5 days of its initial communication.

29. Defendant Jane Doe violated Section 1692e(2) by telling Plaintiff Kaleb he owed $800.

30. Defendant Jane Doe violated Section 1692g by attempting to coerce an immediate payment during the validation period, which overshadowed Plaintiff Kaleb's verification rights.

31. Defendant Jane Doe violated Section 1692e, which prohibits using any false, deceptive or misleading representations or means in connection with the collection of a debt, by telling Plaintiff Kaleb that he had to set up a payment by the end of their call and telling him that it could not be processed at the end of January, which is when he wanted it to be processed.

32. Defendant Jane Doe violated Section 1692d(6) by placing a call without meaningful disclosure of her identity.

33. Defendant Diversified violated Section 1692f(2) by accepting a payment instrument postdated by more than five days without notifying Plaintiff

Kaleb in writing not more than ten days and not less than three days before the payment was processed.

34. Defendant Brooks violated Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff Michael.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35. Plaintiffs repeat, reallege, and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Congress explicitly recognized a consumer's inherent right to privacy in collection matters when it stated as part of its findings:

> There is abundant evidence of the use of abusive, deceptive, and unfair collections practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

37. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

38. Plaintiffs have a reasonable expectation of privacy in their solitude, seclusion, private concerns and affairs.

39. The conduct of these Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

40. As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiffs for damages in an amount to be determined at trial from each and every Defendant.

## COUNT III

## RESPONDENT SUPERIOR

41. The acts or omissions of Defendants Jane Doe and Brooks were committed within the time and space limits of their agency relationship with their employer Defendant Diversified.

42. The acts and omissions of Defendants Jane Doe and Brooks were related to and of the same general nature as the responsibilities they were authorized to perform by Defendant Diversified in collecting consumer debts.

43. Defendant Diversified is, therefore, liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and/or federal law by its employees, including, but not limited to violations, of the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against each Defendant for the following:

I. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for invasions of privacy in an amount to be determined at trial.

II. Statutory damages of $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

III. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

IV. For such other and further relief as the Court may deem just and proper.

**CHAMPION LAW LLC**

Dated: January 6, 2012

_____
Curtis P. Zaun (266310)
Nathan H. Bjerke (026670X)
800 LaSalle Avenue
Suite 2150
Minneapolis, MN 55402
612-200-5999
612-200-5970 (fax)
curtis@champion-law.com
nate@champion-law.com

**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Kaleb Farmer

_____
Michael Farmer