## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Jesse Fabio,<br><br>       Plaintiff,<br><br>v.<br><br>Diversified Consultants, Inc., a Florida Corporation, d/b/a Diversified Credit, Inc.<br><br>Defendant. | **Case No. 3:13-cv-00524-wmc**<br><br><br>**PARTIES' JOINT RULE 26(f) AND PRELIMINARY PRETRIAL REPORT** |

## PARTIES' JOINT RULE 26(f) AND
## PRELIMINARY PRETRIAL REPORT

Pursuant to FRCP 26(f) and the Court's Standing Order Governing Preliminary Pretrial Conferences, Attorney Peter F. Barry for the Plaintiff, and Attorneys Steven Dunn for the Defendant met in a telephone conference on November 18, 2013 and submit the following report.

### I. NATURE OF THE CASE

This is an action for damages brought by an individual consumer for defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* in its efforts to collect a consumer debt.

This is an action for statutory damages, actual damages, declaratory relief, injunctive relief, and costs and attorney's fees.

## II. RELATED CASES

None.

## III. MATERIAL, FACTUAL AND LEGAL ISSUES FOR TRIAL

Plaintiff contends there are material factual and legal issues arising from Defendant's use of an automated telephone dialing system to robo-dial plaintiff's cell phones.  Defendant has not yet interposed an answer.

## IV. PLEADINGS TO BE AMENDED

The parties seek additional time to amend the pleadings.

## V. NEW PARTIES

The parties are not currently aware of the need to add additional parties.

## VI. ESTIMATED TRIAL LENGTH

The parties estimate 4 – 5 days.

## VII. ANY OTHER MATTER AFFECTING THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS CASE WHICH A PARTY ASKS THE COURT TO TAKE INTO ACCOUNT IN SETTING THE SCHEDULE

Defendant notes that its Motion to Dismiss or in the Alternative, Motion to Transfer is pending at this time.  Defendant asserts that the disposition of this Motion will assist the parties to more effectively frame a schedule in which discovery and other deadlines can be more effectively determined.

## VIII. RULE 26(f)(3) DISCOVERY PLAN

A.     There is no need to make changes to the timing, form or requirement for Rule 26(a) disclosures. The parties will make the disclosures by November 25, 2013.

B.  Plaintiffs' intended subjects of discovery may include, without limitation, the following:

- the identities of Defendant's debt collection employees, debt collection managers, and any other third party services to Defendant's debt collection business;

- Defendant's policies, practices and procedures in the debt collection business, the nature and extent of Defendant's debt collection activities in this case and in general;

- Defendant's use, implementation and/or deployment of automated telephone dialing equipment and systems;

- Defendant's use, implementation and/or deployment of skip-tracing software, services, or systems;

- Defendant's and any affiliated third party's computer systems and records created and maintained about Plaintiff on those systems;

- Defendant's business policies and procedures;

- Defendant's employment requirements, practices, policies, and procedures;

- Defendant's net worth.

Defendant's intended subjects of discovery may include, without limitation, the following:

The number of telephone calls at issue;

Plaintiff's alleged actual damages;

For now, the parties agree that the subjects of discovery do not need to be limited in any way.

C.   Plaintiffs ask the court to order the parties to preserve and produce electronically stored information and to produce the data in (1) native format, and (2) PDF format or hard copy.  Defendant agrees in advance to produce documents in this format.

D.  The parties agree to deal with any claims of privilege if and when they arise.

E.  Plaintiffs will conduct an initial round of discovery about Defendant's computer systems and the location and types of electronically stored information Defendant maintains.  Plaintiffs ask the Court to rule that, any interrogatories on this topic, not to exceed 20, will not count towards the limit on interrogatories in the Federal Rule of Civil Procedure.  Defendant respectfully disagrees.

Respectfully submitted,

Dated: October 10, 2013

**BARRY & HELWIG, LLC**
By:  s/Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

**JOSEPH MAURO, LLC**
Joseph M. Mauro, Esq.
New York Attorney ID#2751196
(*Admitted Pro Hac Vice*)
306 McCall Ave
West Islip, New York 11795
Telephone: (631) 669-0921
joemauroesq@hotmail.com

**Attorneys for Plaintiff**

**DUNN FIRM, P.C.**
By:  s/Steven R. Dunn
Steven R. Dunn
5420 LBJ Freeway, Suite 577
Dallas, Texas 75240
214. 692.5533
fax 214. 692.5534
sdunnfirm@aol.com

pfb/ra