IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE FABIO,

                        Plaintiff,                        OPINION AND ORDER

  v.

                                                                 13-cv-00524-wmc

DIVERSIFIED CONSULTANTS, INC.,
d/b/a Diversified Credit, Inc.,

                        Defendant.

---

      Plaintiff Jesse Fabio brings this action against defendant Diversified Consultants, Inc. ("Diversified"), stating claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.101 *et seq.*, and common law. These claims all arise out of Diversified's alleged "robo-calling" to plaintiff. Diversified has moved to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue to the Middle District of Florida, Jacksonville Division, or the District of Minnesota, St. Paul Division. (Def.'s Mot. (dkt. #9).) Because Diversified's activities render it subject to personal jurisdiction in the Western District of Wisconsin, venue is proper in this district and transfer is not required to cure any defect under 28 U.S.C. § 1406, the court will deny Diversified's motion in its entirety.

ALLEGATIONS OF FACT[1]

Plaintiff Jesse Fabio resides in Shoreview, Minnesota. (Compl. (dkt. #1) ¶ 7.) Plaintiff is an over-the-road truck driver and routinely travels through the Western District of Wisconsin for work. (Fabio Decl. (dkt. #15) ¶ 2.) Defendant Diversified Consultants is a Florida corporation with its principal place of business in Jacksonville, Florida. (Pye Decl. (dkt. #12) 1.) As a national debt collection company, Diversified is registered to do business in Wisconsin as a foreign corporation. (Compl. ¶ 8; *see also* Pl.'s Opp'n, Ex. B (dkt. #14-2).)

Fabio produced logs of over 180 different calls received on his cell phone from various numbers, almost all with a "608" area code prefix normally associated with Southwestern Wisconsin. (Pl.'s Opp'n, Ex. A (dkt. #14-1).) Fabio received several of these calls while working and travelling in Wisconsin. (Fabio Decl. ¶ 3.) Fabio further alleges that Diversified placed these calls in an effort to collect on his adult stepdaughter's defaulted cell phone bill. (Compl. ¶ 9.) Fabio does not share the account with his stepdaughter, nor did he co-sign on the account, and has no other business with Diversified. (*Id.* at ¶¶ 19-21.) Fabio asserts that these calls disrupted his sleep, invaded his privacy, and left him feeling helpless. (*Id.* at ¶¶ 27-30.) Fabio also incurred charges for each call Diversified made to his cell phone. (*Id.* at ¶ 32.)

---

[1] In setting forth these facts, the court has considered both the complaint and the affidavits submitted by the parties in support of and opposition to the present motion. *Bolte v. Koscove*, No. 04-cv-935-bbc, 2005 WL 396609, at *1 (W.D. Wis. Feb. 16, 2005) (citing *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983)) ("[I]n deciding whether a party has made the necessary showing of personal jurisdiction, a court may rely on the allegations of the complaint and also may receive and weigh affidavits submitted by the parties.").

For its part, Diversified contends that it does not maintain a place of business in the Western District of Wisconsin, nor does it advertise or hold bank accounts or other assets in this district. (Pye Decl. 1.) Diversified also maintains that no communications with Fabio occurred in the Western District of Wisconsin. (*Id.* at 1-2.)

OPINION[2]

Diversified asserts that this court does not have personal jurisdiction over it and that venue is improper. (Def.'s Mot. (dkt. #10) 1.) In the alternative, Diversified contends that this court should transfer this case to another district pursuant to 28 U.S.C. § 1406(a). (*Id.*) The court will address each of these arguments in turn.

I. Personal Jurisdiction

A federal court sitting in diversity may exercise personal jurisdiction over a defendant "whenever the person would be amenable to suit under the laws of the state in which the federal court sits (typically under a state long-arm statute), subject always to the constitutional due process limitations encapsulated in the familiar 'minimum contacts' test." *KM Enters., Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 723 (7th Cir. 2013). Wisconsin's long-arm statute, Wis. Stat. § 801.05, confers jurisdiction to the maximum extent allowed by the due process clause. *Felland v. Clifton*, 682 F.3d 665, 678

---

[2] The court has subject matter jurisdiction over plaintiff's FDCPA and TCPA claims pursuant to 28 U.S.C. § 1331. While the complaint contains sufficient allegations to determine that there is complete diversity of the parties under 28 U.S.C. § 1332(a), it is, at best, unclear whether the jurisdictional amount is met. Therefore, at this time, the court exercises its supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

(7th Cir. 2012). Because of the breadth of Wisconsin's statute, the constitutional and statutory inquiries tend to merge into one question: whether jurisdiction complies with federal due process requirements. *Id.* ("Once the requirements of due process are satisfied, then there is little need to conduct an independent analysis under the specific terms of the Wisconsin long-arm statute itself because the statute has been interpreted to go to the lengths of due process.").[3]

The touchstone of this inquiry is whether defendant has sufficient "minimum contacts" with Wisconsin, such that this suit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *see also Illinois v. Hemi Group, LLC*, 622 F.3d 754, 757 (7th Cir. 2010). The court considers whether "the defendant should reasonably anticipate being haled into court in the forum state, because the defendant has purposefully availed itself of the privilege of conducting activities there." *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008).

While plaintiff has the burden of establishing the existence of personal jurisdiction, he need only make a *prima facie* showing because defendant's motion to dismiss relies only on written materials and not on an evidentiary hearing. *Purdue Research Found. v. Sanofi-Synthelabo, S.A*, 338 F.3d 773, 782 (7th Cir. 2003). In deciding whether plaintiff has satisfied this standard, the court will resolve "all disputes

---

[3] Wis. Stat. § 801.05(3) provides for personal jurisdiction "[i]n any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant."

concerning relevant facts presented in the record" in his favor. *Id.* (internal citations omitted).

Plaintiff asserts that this court has both specific and general jurisdiction over Diversified. (Pl.'s Opp'n (dkt. #14) 3.) For specific jurisdiction, the Seventh Circuit has identified three essential requirements: "(1) the defendant must have purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland*, 682 F.3d at 673 (internal citations omitted). In this case, defendant's repeated calls from within Wisconsin are sufficient to support this court's exercise of specific personal jurisdiction.

As for the first requirement, the Seventh Circuit has noted that "the nature of the purposeful-direction/purposeful-availment inquiry depends in large part on the type of claim at issue." *Felland*, 682 F.3d at 674. This case concerns potential violations of the FDCPA, TCPA, and WCA, as well as common law claims premised on the same factual allegations. (Compl. ¶¶ 34-60.) Therefore, the court will focus its inquiry on defendant's allegedly unlawful telephone calls.

Plaintiff has presented logs showing that Diversified made telephone calls to him from the 608 area code. (Pl.'s Opp'n, Ex. A (dkt. #14-1).)[4] Whether Diversified's employees or an automatic dialer actually placed these calls, they originated from

---

[4] The court takes judicial notice of the fact that the "608" area code serves a portion of the Western District of Wisconsin, including Madison. Fed. R. Evid. 201; *United States v. Deckard*, 816 F.2d 426, 428 (8th Cir. 1987) (taking judicial notice of the 314 area code).

Wisconsin and were apparently made as part of Diversified's normal business operations. (*Id.*; Compl. ¶ 26*.*) Defendant counters this fact with the ambiguous, conclusory statement that "no communications with the Plaintiff occurred in the Western District of Wisconsin" by which is apparently meant that the plaintiff did not answer any call and actually speak with a Diversified employee when either of them were in Wisconsin. (Pye Decl. (dkt. #12) 1-2.) Even if this statement is specific enough to create a dispute of fact, the court must resolve it in plaintiff's favor. *Purdue Research Found.*, 338 F.3d at 782. In any event, since the call itself is among the alleged illegal activity, whether plaintiff answered or not does not change the fact that the injury occurred by virtue of calls apparently generated from within this district.

Defendant also emphasizes that it "does not maintain a place of business in the Western District of Wisconsin." (Pye Decl. 1.) While that may also be true, "the lack of [physical] presence in the forum state is not determinative of personal jurisdiction." *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1219 n.3 (7th Cir. 1990) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Here, the telephone calls that gave rise to plaintiff's claims originated from within this state. Accordingly, plaintiff has shown that defendant selected Wisconsin as the staging ground for its collection calls to plaintiff, thereby purposefully availing itself of the privilege of conducting business in this state. Given the nature of the claims at issue, this constitutes an adequate showing of Diversified's minimum contacts with Wisconsin.

In addition to purposeful minimum contacts, plaintiff must show that his claims against Diversified "arise out of or relate to" those contacts. *Burger King*, 471 U.S. at

472-73; *uBid v. GoDaddy Grp., Inc.*, 623 F.3d 421, 429 (7th Cir. 2010). This "relatedness" element of specific jurisdiction provides defendants with the predictability that their contact with a forum in one context will not make them liable to suit in an entirely different context as the existence of general personal jurisdiction might. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

Rather than a mechanical test, the Seventh Circuit favors a pragmatic focus on the "tacit quid pro quo that makes litigation in the forum reasonably foreseeable." *uBid*, 623 F.3d at 430. When a defendant avails itself of the benefits and protections of doing business in Wisconsin, it does so in exchange for submitting to jurisdiction in Wisconsin for claims arising from or related to those activities -- thus making those claims foreseeable. "[T]he precise causal relationship between contacts and claim [is] not important," so long as the reciprocal relationship between the contact and claim makes jurisdiction in the state foreseeable. *Id*. As already alluded to, this requirement is also satisfied here: Diversified placed calls to plaintiff from a Wisconsin phone number and it is *those* calls which form the basis of his claims.

Plaintiff satisfies the final requirement for specific personal jurisdiction by making a *prima facie* showing that haling Diversified into court in this district "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316; *uBID*, 623 F.3d at 425. This court's inquiry into fairness focuses on: the burden on the defendant; the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in efficiently resolving controversies; and the shared interest of the states in furthering

fundamental substantive social policies. *Burger King*, 471 U.S. at 477.

The defendant must present a "compelling case" to show that jurisdiction would be unfair or improper. *Id.* In this case, defendant offers only the conclusory statement that subjecting a "non-resident of the State of Wisconsin to the jurisdiction of the Western District of Wisconsin and to claims brought by a citizen of the State of Minnesota offends the traditional notions of fair play and substantial justice." (Def.'s Mot. (dkt. #10) 8.) Without more, this sort of bare assertion hardly makes for a "compelling case." *Grand River Enters. Six Nations Ltd. v. VMR Prods. LLC*, No. 13-cv-104-wmc, 2013 WL 6185205, at *5 (W.D. Wis. Nov. 26, 2013).

Defendant attempts to bolster its argument by pointing out that none of the allegedly unlawful communications were *received* in Wisconsin and that its primary place of business is in Florida. (Def.'s Mot. (dkt. #10) 8.) While it appears that plaintiff, in fact, *did* receive some of these calls while in Wisconsin (Fabio Decl. (dkt. #15) ¶ 3), defendant's argument is still beside the point, since plaintiff sufficiently alleges that these calls *originated* in Wisconsin. (*Id.* at ¶ 5; Pl.'s Opp'n, Ex. A.) As such, defendant opened itself to claims arising out of and relating to these calls, and knew or should have known plaintiff might bring his claims in the district where the calls originated. As the FDCPA, TCPA, and WCA regulate how debt collection companies conduct their business, it is perfectly reasonable to expect Diversified to foresee lawsuits in this district for any unlawful collection practices originating here.

Finally, defendant asserts that this case does not involve the citizens, laws, or public policy of the State of Wisconsin. (Def.'s Mot. 8) The court disagrees. Wisconsin

8

certainly has an interest in monitoring debt collection companies that use the state as a base for collection efforts. *See, e.g.*, Wis. Stat. § 421.102(d) (setting a state policy of protecting "customers against unfair, deceptive, false, misleading and unconscionable practices by merchants" and coordinating "the regulation of consumer credit transactions with the policies of the federal consumer credit protection act"). Even if the absence of Wisconsin citizens in the case weakens that interest, Diversified's argument still falls short of a "compelling case" for finding that exercising personal jurisdiction would be unfair.

Had plaintiff not invoked specific jurisdiction, this court might nevertheless find that defendant's "continuous and systematic" business contacts with Wisconsin support the exercise of general jurisdiction. *uBID*, 623 F.3d at 425. Defendant attempts to avoid this result by citing to *Mercantile Capital, LP v. Fed. Transtel, Inc.*, 193 F. Supp. 2d 1243, 1251 (N.D. Ala. 2002), for the proposition that conducting billing and collection activities within a forum does not give rise to general jurisdiction over a defendant. (Def.'s Mot. 9.) *Mercantile Capital*, however, is readily distinguishable from the case at hand. There, the court refused to exercise general jurisdiction over a debt collection company that had not registered as a foreign corporation, appointed an agent for service of process, or maintained a phone number in the forum state, but was nevertheless collecting on debts for transactions that occurred in the state. *Mercantile Capital, LP*, 193 F. Supp. 2d at 1246, 1251. In contrast, Diversified *has* registered to do business in Wisconsin, *has* appointed an agent for service of process in Wisconsin, and *does* maintain a Wisconsin phone number to carry on its collection activities. (Pl.'s Opp'n 5-7; Pl.'s

Opp'n, Ex. B, Ex. C.)[5] Ultimately, this court need not determine whether Diversified is subject to general jurisdiction, having already found it subject to the court's specific jurisdiction.

## II. Improper Venue

Diversified's argument for improper venue rests entirely on its assertion that this court does not have personal jurisdiction over it. (Def.'s Mot. (dkt. #10) 9-10.) Plaintiff argues, and defendant concedes, that venue for suits against corporations is proper in a district "in which a corporation would otherwise be subject to personal jurisdiction." (*Id.* at 10.) Since the court already found defendant subject to personal jurisdiction in the Western District of Wisconsin, where defendant placed its collection calls to plaintiff, venue in this district is, therefore, proper under 28 U.S.C. § 1391(d).

---

[5] Courts differ on whether appointing an agent for service of process satisfies the requirements for general jurisdiction by itself. 16 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 108.41[4] (3d ed. 2013). Some courts hold that a registered agent, without more, does not give rise to the "continuous and systematic" contacts necessary for general jurisdiction. *See, e.g.*, *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 16 n.6 (1st Cir. 2009); *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000); *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181 (5th Cir. 1992); *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 748 (4th Cir. 1971). Other courts hold that a registered agent *is* enough to subject a corporation to general jurisdiction. *See, e.g.*, *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991); *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990). The Seventh Circuit does not appear to have addressed the issue directly, but has held that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations . . . when their affiliations with the State are so 'continuous and systematic' as to render them *essentially at home* in the forum State." *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) (original emphasis) (internal citations omitted).

### III. Transfer

In the alternative to its motion to dismiss, defendant asks the court to transfer venue pursuant to 28 U.S.C. § 1406, which authorizes transfer when venue is improper. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008) ("Transfer under § 1406(a) is appropriate only when venue is improperly laid.")  Because the court has already found that venue *is* proper in this district, Diversified's motion to transfer under § 1406 is moot, but even if the court *were* to construe the motion as one under 28 U.S.C. § 1404(a), defendant would not prevail.

Under § 1404(a), a district court may transfer venue "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a).  The moving party, here Diversified, "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).  This it has not done.

While Diversified's own records and employees may be located in the Middle District of Florida (Def.'s Mot. (dkt. #10) 11), both the Seventh Circuit and this court hold that modern technology renders the location of documents and other sources of proof only minimally important in the transfer analysis.  *See Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000); *Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.) Inc.*, 392 F. Supp. 2d 1062, 1064

11

(W.D. Wis. 2005). Modern technology also diminishes the importance of the location of a defendant's employees who may serve as witnesses. *See Illumina, Inc. v. Affymetrix, Inc.*, 09-cv-277-bbc, 2009 WL 3062786, at *3 (W.D. Wis. Sept. 21, 2009). Lastly, Diversified has not identified any specific third-party witnesses that may be inconvenienced by having to travel to this district.

While this district is not in plaintiff's home state, the court will not disturb his choice of forum unless the transfer factors strongly favor the defendant. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003); *see also Chi. Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955) ("[T]he District Court should bear in mind that in filing an action the plaintiff is permitted to choose any proper forum and that the plaintiff's choice of forum should not be lightly set aside."). Here, defendant fails to demonstrate that another district is "clearly more convenient" for the parties or witnesses.

Defendant also fails to offer compelling reasons to transfer this case in the interests of justice. The interests of justice analysis relates "to the efficient administration of the court system." *Coffey*, 796 F.2d at 221. Relevant factors include "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (citing *Coffey*, 796 F.2d at 221). In this case, the factors weigh in favor of keeping this case in the Western District of Wisconsin rather than transferring it. Plaintiff points out, and defendant does not dispute, that this district typically resolves cases more quickly than either of defendant's

proposed forums.  (Pl.'s Opp'n (dkt. #14) 18.)   Defendant does not identify cases in either of its proposed forums that would be amenable to consolidation with this one, nor does defendant question this court's familiarity with the law governing plaintiff's claims.

## ORDER

IT IS ORDERED that defendant Diversified Consultants, Inc.'s motion to dismiss for lack of in personam jurisdiction and improper venue or, in the alternative, transfer venue (dkt. #9) is DENIED.

Entered this 25th day of February, 2014.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge