IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JESSE FABIO,

                                Plaintiff,                    OPINION AND ORDER

        v.                                                    13-cv-524-wmc

DIVERSIFIED CONSULTANTS, INC.,
d/b/a Diversified Credit, Inc.,

                                Defendant.

A telephonic motion hearing was held on February 26, 2014, in the above-caption ed matter to address three motions:  (1) defendant's local counsel's motion to withdraw (dkt. #23); (2) plaintiff's motion to compel discovery (dkt. #21); and (3) plaintiff's motion to amend his complaint to add Sprint (the ultimate creditor in this action) as a defendant (dkt. #24).  Plaintiff appeared by attorneys Joseph Mauro and Peter Barry; defendant appeared by attorneys James Bedell, Michael Poncin and Steven Dunn.  The purpose of this opinion and order is to memorialize the court's rulings on these motions.

## I.  Motion to Withdraw

Attorneys James R. Bedell and Michael S. Poncin and their law firm Moss & Barnett seek to withdraw as counsel for defendant because they have been "precluded from participating in the defense of this matter and defendant has failed to provide Movants with facts and information necessary to defend the case."  (Def.'s Counsel's Mot. to Withdraw (dkt. #23).)  Plaintiff's and defendant's counsel both indicated that

they did not oppose this motion.  (Dkts. ##27, 33.)  Accordingly, the court will (1) grant the motion and (2) require defendant to retain not later than March 5, 2014, new local counsel admitted to practice before this court.

## II. Motion to Compel

On December 16, 2013, plaintiff served written discovery requests on defendant. On January 27 and February 2, 2014, plaintiff's counsel contacted defendant's counsel via email about defendant's obligations to answer the discovery.  On each occasion, defendant's counsel responded with assurances that the responses would be forthcoming "shortly" and by "the end of the day," respectively.  Nevertheless, as of February 18, 2014 -- the date plaintiff filed his motion to compel -- defendant had still failed to respond to discovery requests.  In addition to moving to compel responses, plaintiff also seeks an order deeming admitted all of plaintiff's requests for admission.  *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").  Plaintiff also seeks an award of reasonable attorneys' fees for having been forced to bring this motion.

Defendant's counsel responded to the default motion on February 25, 2014, contending that there is a good faith basis for defendant's repeated failures to respond as required by rule and as promised, as well as arguing that the court should allow the deemed admissions to be withdrawn.  (Dkt. #29.)  Specifically, Attorney Dunn represents that defendant's failure to respond was "inadvertent" and the result of

documented family health issues.  (*Id.* at 8.; *see also* Declaration of Steven R. Dunn (dkt. #31).)  Dunn also contends that the relocation of his office on January 1, 2014, contributed to his failure to timely respond.  Finally, defendant argues that plaintiff was not prejudiced by the delay, and represents that all discovery responses were sent to plaintiff by end of the day on February 25th, the day before the hearing.

In addition to asking the court to ignore its glaring failures to defend timely, defendant now argues that it has at least two meritorious defenses to plaintiff's claims: (1) defendant did not "make" the calls, but rather utilized a third party to do so; and (2) defendant does not use an "automatic telephone dialing system."  (Def.'s Opp'n (dkt. #29) 3-6.)  Whether defendant has a meritorious defense but failed to defend is largely irrelevant.  Moreover, the court's preliminary research demonstrates that courts have:  (1) held that a defendant may be liable if it uses an agent to "make" calls, *see, e.g., Kristensen v. Credit Payment Servs., Inc.,* No. 2:12-cv-00528-KJD-PAL, 2013 WL 686492, at *2 n.1 (D. Nev. Feb. 22, 2013); and (2) adopted the FCC's more expansive definition of an "automatic telephone dialing system," which may well encompass defendant's phone system, *see, e.g., Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

While the court fully credits defendant counsel's representation as to the family issues he was encountering around the time the discovery requests were served, these issues in no way excuse his or his client's failure to respond timely to discovery, particularly given the pains plaintiff's counsel went in apprising him of his obligation *and* defendant's failure to provide *any* response except empty promises until February 25th. Moreover, the court required defendant to retain local counsel, which it did.  For reasons

3

unknown to the court -- and entirely unexplained in defendant's submission -- Attorney Dunn failed to utilize local counsel to respond to these discovery responses *even after* local counsel approached Attorney Dunn *and* the client to inquire as to the status of the discovery responses and to offer assistance in completing them.  (Declaration of James R. Bedell (dkt. #23-1).)

Accordingly, the court will grant plaintiff's motion to compel and award the following relief:  (1) to the extent written responses to interrogatories and document requests have yet to be provided, they were due by end of day February 26, 2014; (2) all underlying responsive source documents shall be delivered to plaintiff's lead counsel by the end of the day, February 28, 2014; (3) plaintiff's requests for admission are deemed admitted; and (4) plaintiff is awarded his reasonable attorney's fees for filing the motion to compel.  Plaintiff's counsel shall submit an affidavit and any supporting materials detailing his fee request on or before March 6, 2014.  The court also finds defendant in default for failing to defend pursuant to Fed. R. Civ. P. 55(a).  Plaintiff's brief and supporting documents, if any, on default judgment is due by May 15, 2014; defendant's responsive brief and supporting documents, if any, is due by June 15, 2014.[1]  The court

---

[1] Given the current state of this record, the court is prepared to enter default judgment in the amount of $94,000, plus attorney's fees for having to bring a motion to compel, for the reasons stated orally, including that:  (1) defendant is deemed to have admitted (by failing to timely respond to plaintiff's requests for admission) to making 188 calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A); and (2) the TCPA provides for a minimum of $500 per call in statutory damages, § 227(b)(3)(B). (Pl.'s Br. in Support of Mot. to Compel, Ex. 1 (dkt. #22-1) p.15 ¶ 14.)  This option remains open.  If plaintiff informs the court and defendant any time before its brief in support of default judgment is due that he seeks entry of a final default judgment in this amount *and* provides proof of reasonable attorney's fees, defendant will have 14 days to respond, and the court will enter final judgment accordingly.

4

will hold a hearing on default judgment on July 2, 2014, at 9:00 a.m.

### III.  Motion to Amend Complaint

On Monday, February 24, 2014, plaintiff also filed an unopposed motion to amend the complaint to add Sprint -- the underlying creditor in this lawsuit -- as a defendant.  (Dkt. #24.)   The court will deny this motion because (1) this lawsuit has progressed too far, the only question remaining being the *amount* of default judgment; (2) the Preliminary Pretrial Conference Order (dkt. #20) set a deadline for amendments to pleadings of January 3, 2014, and plaintiff has not offered good cause for his lengthy delay in seeking to add Sprint as a defendant, and the court can discern no cause, *see* Fed. R. Civ. P. 16(b); and (3) if the court were to allow amendment to the complaint to add Sprint as a defendant at this late date, Sprint would no doubt seek to reopen any finding of default against its "collection agent" at least as it implicates Sprint's arguable liability, since it has not participated in this lawsuit to date, which would essentially require that this case start over.   Instead, the court will leave to address any liability by Sprint in a new lawsuit.

ORDER

IT IS ORDERED that:

1) defendant's local counsel's motion to withdraw (dkt. #23) is GRANTED. Defendant may have until March 5, 2014, to designate new local counsel;

2) plaintiff's motion to amend his complaint to add Sprint as a defendant (dkt. #24) is DENIED;

3) plaintiff's motion to compel discovery (dkt. #21) is GRANTED as set for the above;

4) defense counsel's affidavit and accompanying attachments in opposition to entry of default shall be deemed filed under seal;

5) the clerk of court shall enter default against defendant for failure to defend pursuant to Fed. R. Civ. P. 55(a);

6) a default judgment hearing is set for July 2, 2014, at 9:00 a.m.  Plaintiff shall serve and file its brief and supporting documents, if any, by May 15, 2014. Defendant shall serve and file its responsive brief and supporting document, if any, by June 15, 2014; and

7) all other deadlines in this case are struck.

Entered this 27th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge